**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1575
_____

UNITED STATES OF AMERICA

v.

KEITH FISHER, SR., a/k/a Larry Rosenberg,
                                    Appellant
_____

No. 22-1647
_____

UNITED STATES OF AMERICA

v.

KEITH FISHER, SR., a/k/a Roger Dunbar,
                                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 1-20-cr-00480-001 & 1-16-cr-00164-001)
District Judge: Honorable Renee M. Bumb
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 26, 2023

Before: KRAUSE, ROTH and AMBRO, *Circuit Judges*

(Filed: January 25, 2024)

———————

OPINION*

———————

KRAUSE, *Circuit Judge*.

On appeal of his conviction for mail fraud in violation of 18 U.S.C. § 1341 and for violating the terms of his supervised release for a prior conviction, Appellant Keith Fisher asserts that the District Court (1) incorrectly calculated his applicable sentencing range under the United States Sentencing Guidelines; and (2) imposed a substantively unreasonable upward variance under 18 U.S.C. § 3553(a). For the reasons explained below, neither claim is persuasive, so we will affirm the judgment of the District Court.

I.     **BACKGROUND**

While on supervised release for a prior mail fraud conviction, Fisher bid on and won a contract to provide furniture to the State Department. He induced a subcontractor to fulfill that order, but "never intended to pay" for the subcontractor's services. S.A. 72. Law enforcement quickly caught on, after which it seized the furniture and returned it to the subcontractor.

Shortly thereafter, Fisher pleaded guilty to mail fraud and to violating the terms of his supervised release. In the plea agreement, Fisher and the Government jointly stipulated to most issues, but expressly reserved the right to argue their opposing interpretations of the "loss" provision of section 2B1.1 of the Sentencing Guidelines,

———————

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

2

which triggers different sentence enhancements based on the extent of victim loss. U.S. Sent'g Guidelines Manual § 2B1.1(b) (U.S. Sent'g Comm'n 2018) [hereinafter U.S.S.G.].

The Government, for its part, relied on the commentary to section 2B1.1 to assert that "loss is the greater of actual loss or intended loss." U.S.S.G. § 2B1.1 cmt. n.3(A). Fisher, by contrast, contended that this definition wrongly extended "loss" beyond its plain meaning, and that under our decision in *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021) (en banc), the plain meaning instead limited the calculation to "actual" losses.

At Fisher's initial sentencing hearing, the District Court sided with the Government, calculating intended loss by adding the subcontractor's expected profit ($16,380) to its incurred shipping costs ($424.62).[1] Critical on appeal, though, the Court further ruled that—regardless of which party was correct—both resulting offense levels "substantially understate[d] the seriousness of [Fisher's] offense." S.A. 69. Thus, the Court put the parties on notice of a possible departure pursuant to section 6A1.4 of the Sentencing Guidelines.

At a subsequent hearing, the Court reaffirmed its decision to use intended loss, adopting the government's proposed offense level of 11 over Fisher's proposed offense level of 7.[2] But the Court reiterated that, even if its decision was incorrect, "offense level 11 [was] more adequate [than level 7] to state the seriousness of the offense" given

---

[1] The parties refer to $16,380 and $464.62 as "intended loss" and "actual loss," respectively. The Court, however, determined intended loss to be the sum of both figures, presumably because Fisher intended for the subcontractor to ship the furniture.
[2] A loss between $15,000.01 and $40,000 increases offense level by 4. U.S.S.G. § 2B1.1(b)(1)(C). A loss of $6,500 or less does not increase offense level. *Id.* § 2B1.1(b)(1)(A).

the specifics of Fisher's scheme. S.A. 87. The Court subsequently engaged in an extensive analysis of 18 U.S.C. § 3553(a)'s discretionary sentencing factors, finding that each one supported a further upward variance. On that basis the Court deviated upward an additional 10 levels, resulting in an offense level of 21. Accounting for Fisher's Criminal History Category of V, this produced an advisory sentencing range of 70 to 87 months' imprisonment. Ultimately, the Court imposed the top of that range, 87 months, for Fisher's mail fraud conviction, and an additional 12 months for violating the conditions of his supervised release.[3] Fisher now brings this timely appeal.

## II.    DISCUSSION[4]

Fisher raises two arguments on appeal. First, he challenges the District Court's reliance on "intended loss," rather than "actual loss," in calculating his applicable Guidelines range. Second, he asserts that the District Court's 10-level upward variance was substantively unreasonable. Neither claim is persuasive.

### A.    Applicable Guidelines Range

While Fisher's appeal was pending, we held in *United States v. Banks*, based on the "text, structure, history, and purpose" of section 2B1.1(b), that "the ordinary meaning of the word 'loss' is the loss the victim actually suffered." 55 F.4th 246, 256, 258 (3d Cir. 2022) (quoting *Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019)). We thus rejected the

---

[3] The District Court imposed the latter sentence consecutively, but used the bottom of the applicable Guidelines range and conducted an independent § 3553(a) analysis.
[4] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

commentary's attempt to "expand[]" that definition to "the greater of actual loss or intended loss." *Id.* at 258 (quoting U.S.S.G. § 2B1.1 cmt. n.3(A)).

In view of that ruling, the Government now concedes that "the District Court erred when it used intended loss to apply § 2B1.1(b)(1)(C)'s 4-point enhancement." Answering Br. 13. Although "the use of an erroneous Guidelines range will typically require reversal under 18 U.S.C. § 3742(f)," *United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008), the Government contends that this is one of the "limited circumstances" where "miscalculation of the Guidelines may be harmless," because there is a high probability that "the sentencing judge would have imposed the same sentence under a correct Guidelines range," *id.* at 215–16; *see United States v. Zabielski*, 711 F.3d 381, 387 (3d Cir. 2013).

We agree. Although the District Court adopted the commentary's incorrect definition of "loss," it provided an "alternative ruling" that even "if the Circuit were to find that . . . loss . . . means actual loss," Fisher's case would nonetheless "clearly" warrant an upward departure from offense level 7 to offense level 11. S.A. 85, 87. As the Court noted, a sentence premised on the subcontractor's meager $424 in lost shipping fees would "substantially understate the seriousness" of Fisher's "insidious scheme." *Id.* at 86. Where, as here, the District Court has "improve[d] the clarity of the record" and "promote[d] efficient sentencing" by making an "explicit statement that [it] would have imposed the same sentence under two different ranges," it renders the Guidelines miscalculation harmless and "obviate[s]" the need for remand. *Zabielski*, 711 F.3d at 389; *see United States v. Raia*, 993 F.3d 185, 195 (3d Cir. 2021).

5

## B. Substantive Reasonableness

Fisher fares no better with his challenge to the substantive reasonableness of the District Court's 10-level upward variance under 18 U.S.C. § 3553(a). We review that decision for abuse of discretion, *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008), and we will affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided," *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009). In making our assessment, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007). As relevant here, those factors include the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), along with the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide for just punishment, adequately deter criminal conduct, and protect the public from further crimes of the defendant, *id.* § 3553(a)(2)(A)–(C).

While Fisher asserts that the District Court's weighing of these factors "defies reason," Opening Br. 30, the record reveals precisely the opposite. The Court gave "appropriate and judicious consideration" to each factor, *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006), ultimately concluding that the applicable range was "absolutely woefully deficient" given Fisher's "atrocious" criminal history and the "devious" nature of his scheme to deceive both the Government and the private subcontractor while simultaneously tarnishing the latter's reputation, S.A. 117, 121–22.

6

As such, we cannot say the Court's decision to "protect the public from further crimes by" a serial fraudster through its upward variance was an abuse of discretion. *Id.* at 121.[5]

## III.   CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[5] Nor is resentencing necessary based on the District Court's imposition of an additional 12 months' imprisonment for Fisher's violation of his supervised release. While Fisher asserts that this sentence doubly punished him for the same "iterations of the conduct underlying the fraud" to which he pleaded guilty, Opening Br. 32, the District Court treated his breach of the terms of supervised release as a separate violation, engaged in an independent § 3553(a) analysis, and reasonably concluded that Fisher's "conscious decision . . . to continue" a "sophisticated" crime while on supervised release—in direct contravention of his release conditions—warranted the "incremental" sentence, S.A. 135, 139–42.